Kevin P. Whiteford, CSBN: 142916
Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
900 Howe Ave., Suite 250
Sacramento, CA 95825
Telephone: (916) 446-0790

Attorneys for Creditors
JAMES D. PRICE and SHAREE E. PRICE

# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br>      WILLIAM DONALD REDDIN, <br>      Debtor <br> _____ <br><br> JAMES D. PRICE and SHAREE E. PRICE, <br>      Plaintiffs, <br> vs. <br> W.D. REDDIN, <br>      Defendant. <br> _____ | CASE NO. 20-24700-E-13C <br> Chapter 13 <br><br> Adversary Proceeding No. <br><br> **COMPLAINT FOR DENIAL OF DISCHARGEABILITY** <br> **(Non-discharge for Fraud under 11 U.S.C. section 523(a)(2))** |

Plaintiffs James D. Price and Sharee Price ("Plaintiffs") file this Complaint against Defendant William Donald Reddin ("Debtor"), alleging as follows:

1. Defendant William Donald Reddin ("Debtor") is the debtor in the above-captioned bankruptcy proceeding, and formerly operated as a licensed California contractor.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) in that this proceeding arises under Title 11 of the United States Code.

3. Venue is proper in this Court under 28 U.S.C. §1409(a) because this adversary proceeding is related to and stems from *In re William Donald Reddin*, a case now pending in the Bankruptcy Court for the Eastern District of California.

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

5. In 2017, Debtor constructed a home located at 5381 Hilltop Circle, Camino, California (hereinafter the "Property"), and in doing so filled a drainage gully with stumps, timber, loose logs, and brush, used building materials, loose uncompacted dirt and other materials. The area was then covered with dirt and the land leveled so as to give the impression of solid land. In fact, the area was full of springs and drainage and constituted a serious hazard and threat of landslide. Debtor knew of the dangerous condition and suppressed all information about it, failed to disclose the matter to County inspectors and ultimately failed to disclose the problem to Plaintiffs' predecessors in interest to whom Debtor sold the Property. The land passed through several hands without any owners being aware of the problem and it was not until after drought conditions had subsided and Plaintiffs had purchased the Property that the improperly filled drainage washed out and caused a massive landslide. The suppression of the fact of the improper fill was designed by Debtor to mislead all purchasers of the Property and it did mislead all purchasers, including Plaintiffs. Such active concealment with intent to defraud were actions willfully and maliciously undertaken by Debtor, which Debtor knew would cause serious harm to all purchasers of the Property.

6. The representations and failures to disclose information and suppressions of information herein alleged to have been made by the Debtor were made with intent to induce Plaintiffs and Plaintiffs' predecessors to act in the manner herein alleged in reliance thereon.

7. Plaintiffs, at the times these failures to disclose and suppressions of facts occurred, and at the time Plaintiffs took the actions herein alleged, were ignorant of the existence of the facts that Debtor suppressed and failed to disclose. If the Plaintiffs had been aware of the existence of the facts not disclosed by Debtor, Plaintiffs would not have, as they did, purchase the Property.

8. As a result of Debtor's conduct and suppression of facts, Plaintiff have been damaged in an amount exceeding one hundred thousand dollars ($100,000.00).

9. On August 31, 2017, Plaintiffs filed a lawsuit against Debtor in the Superior Court of California for the County of El Dorado, Case No. PC20170418 (hereinafter the "Superior Court Action"), seeking damages against Debtor for fraud based on the concealment and suppression of facts alleged above.

---

COMPLAINT FOR DENIAL OF DISCHARGABILITY
11 U.S.C. 523(a)(2)               2.                    *Price vs. Reddin*
                                                        Adv Pro Case No. _____

10. On July 17, 2019, judgment was entered in the Superior Court Action awarding Plaintiffs damages against Debtor on Plaintiffs' fraud cause of action in the sum of one hundred thousand dollars, plus costs of suit. Attached hereto as Exhibit A and incorporated herein by this reference is a true and correct copy of the judgment in the Superior Court Action (hereinafter the "Judgment").

11. As a direct and proximate result of the Debtor's wrongful concealment and false representations as aforesaid and Plaintiffs' actual and reasonable reliance thereon, Plaintiffs suffered $100,000.00 of damages as reflected in the Judgment.

12. As such, the entirety of the damages awarded in the Judgment should be deemed a debt of Debtor non-dischargeable within the meaning of 11 U.S.C. sections 523(a)(2) and/or 523(a)(6).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

1. For a determination that all damages awarded to Plaintiffs in the Judgment are damages recoverable from Debtor and are non-dischargeable within the meaning of 11 U.S.C. sections 523(a)(2);

2. For costs of suit incurred herein, and

3. For all such other and further relief as the Court deems just and proper.

Dated: November 12, 2020            SERLIN & WHITEFORD, LLP

By:    */s/ Kevin P. Whiteford*
       KEVIN P. WHITEFORD
       Attorneys for Creditors
       JAMES D. PRICE and SHAREE E. PRICE

\\DATASERVER\WPDocks\Active Files\price\BK\ADV PRO\nondischarge complaint.wpd