*FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WILLIAM DONALD REDDIN,<br>        Debtor. | Case No. 20-24700-E-13 |
| JAMES D. PRICE and<br>SHAREE E. PRICE,<br>        Plaintiffs,<br>v.<br>W. D. REDDIN,<br>        Defendant. | Adv. Proc. No. 20-2174<br>Docket Control No. KPW-1 |

## MEMORANDUM OPINION AND DECISION

James D. Price and Sharee E. Price ("Plaintiff") filed the instant adversary proceeding on November 17, 2020, against William D. Reddin ("Defendant-Debtor"). Before the court is Plaintiff's Motion for Summary Judgment (Dckt. 11) requesting a determination that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) based on the doctrines of Issue Preclusion and Collateral Estoppel as nondischargeable claims arising from a final judgment ("State Court Judgment") obtained on a fraud cause of action in *Price v. Reddin et al*, California Superior Court, County of El Dorado, Case PC 2017 0418 ("State Court Action").

The Proof of Service documents that the Motion for Summary Judgment and supporting pleadings were served on Defendant-Debtor's attorney on January 8, 2021. By the court's

calculation, forty-eight days' notice was provided. Forty-two days' notice is required. L.B.R.7056-1(a).

The Motion for Summary Judgment has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Opposition was filed, and the hearing was conducted on February 25, 2021.

As addressed below, the Court grants the Motion for Summary Judgment, and judgment shall be entered by this court determining that the obligation of Defendant-Debtor to Plaintiff on the State Court Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). This court will not enter a new monetary judgment, leaving Plaintiff to enforce the State Court Judgment in that forum.

**Review of the Complaint**

Plaintiff seeks a determination that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), as the claim arises from Defendant-Debtor's wrongful concealment and false representations relating to a real estate purchase in 2017. Dckt. 1. The grounds upon which the claim is based are as follows:

  A.　Defendant-Debtor constructed a home over terrain that was not solid land. Defendant-Debtor knew of this dangerous condition and concealed the information from county inspectors and the previous owners.

  B.　The land passed through several hands without any owners being aware of the problem and it was not until after drought conditions had subsided and Plaintiff had purchased the Property that the improperly filled drainage washed out and caused a massive landslide.

  C.　The concealment of the information was designed to mislead purchasers and with intent to defraud.

  D.　These actions were willful and malicious, and Defendant-Debtor knew they would cause serious harm to purchasers of the Property.

  E.　Defendant-Debtor undertook these actions to induce Plaintiff and Plaintiff's predecessors to act in the manner herein alleged in reliance thereon.

  F.　Plaintiff was ignorant of the facts involving the construction and terrain issues that Debtor suppressed and failed to disclose. Had Plaintiff known of these facts, Plaintiff would not have purchased the Property.

  G.　As a result of Defendant-Debtor's conduct and concealment of facts, Plaintiff has been damaged in an amount exceeding $100,000.00.

  H.　On August 31, 2017, Plaintiff filed a lawsuit against Defendant-Debtor, the State Court Action, seeking damages against Defendant-Debtor for fraud

based on the concealment and suppression of facts.

I. On July 17, 2019, judgment was entered in the State Court Action awarding Plaintiff damages against Defendant-Debtor on Plaintiff's fraud cause of action in the sum of $100,000.00, plus costs of suit. A copy of the State Court Judgment has been filed as Exhibit A, Dckt. 6.

J. As a direct and proximate result of the Defendant-Debtor's wrongful concealment and false representations as aforesaid and Plaintiff's actual and reasonable reliance thereon, Plaintiff suffered $100,000.00 of damages as reflected in the State Court Judgment.

K. As such, the entirety of the damages awarded in the State Court Judgment should be deemed a debt of Defendant-Debtor nondischargeable within the meaning of 11 U.S.C. sections 523(a)(2) and/or 523(a)(6).

Prayer for Relief

A. For a determination that all damages awarded to Plaintiff in the State Court Judgment are damages recoverable from Defendant-Debtor and are nondischargeable within the meaning of 11 U.S.C. sections 523(a)(2).

**Review of the Answer**

In response, Defendant-Debtor filed an Answer to the Complaint on December 7, 2020. Dckt. 9.

A. Defendant-Debtor admits that he is the debtor in the bankruptcy case and that he formerly operated as a licensed California contractor, that the court has jurisdiction over this proceeding, that venue is proper, and that this core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

B. Defendant-Debtor further admits that Plaintiff filed a lawsuit in the El Dorado County Superior Court and that a judgment was rendered in favor of Plaintiff and against Defendant-Debtor in the amount of $100,000.00.

C. Defendant-Debtor denies, specifically or based on lack of information, the allegations pertaining to the construction of the home, the actions taken to conceal the drainage issues in the terrain where the home was built, the failure to disclose the terrain facts to the county inspector and previous owner of the residence, the discovery of such issues after a massive landslide, that Defendant-Debtor failure to disclose the information was made with the intent to induce to purchase in reliance, that Plaintiff was ignorant of the facts, that Defendant-Debtor's concealment of facts was a direct and proximate result of Plaintiff's damages and that the State Court Judgment award is nondischargeable.

D. Defendant-Debtor then asserts eight affirmative defenses: failure to state a cause of action; statute of limitations; assumption of the risk; failure to mitigate; laches; waiver; standing; and offset.

///

///

**REVIEW OF THE MOTION FOR SUMMARY JUDGMENT**

Plaintiff asserts the right to a judgment in this Adversary Proceeding as a matter of law for the single cause of action for nondischargeability of the State Court Judgment based on an Issue Preclusion and Collateral Estoppel. Plaintiff sued Defendant-Debtor in State Court for fraud based on allegations of concealment and nondisclosure of material facts relating to a real estate purchase in 2017. The State Court Judgment was entered in favor of Plaintiff on the fraud cause of action in 2019. Defendant-Debtor did not appeal, nor did Defendant-Debtor file a motion to set aside the State Court Judgment. As addressed below, the State Court Judgment became a final judgment under California law prior to the Defendant-Debtor commencing his bankruptcy case.

Plaintiff asserts that the Motion for Summary Judgment should be granted because the State Court Judgment meets the requirements for Issue Preclusion as stated in *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001), and *In re Solario*, 611 B.R. 327, 40-41 (Bankr. E.D. Cal. 2020). Plaintiff asserts the following points.

First, the State Court Judgment is final as no appeal or motion to set aside was filed.

Second, the issues litigated are identical in both proceedings where Plaintiff has alleged only one cause of action as fraud based on concealment and willful disclosure of material facts. Moreover, Plaintiff argues that Defendant-Debtor admits that the State Court Action lawsuit was based on fraud, and only fraud, and that the judgment was based on fraud.

Third, Plaintiff argues that the issues were actually litigated because a default judgment is deemed to have been actually litigated and has preclusive effect under California law.

Fourth, the issue was necessarily decided, because the only cause of action asserted by Plaintiff against Defendant-Debtor in the State Court Action was for fraud and the State Court Judgment was based on that single cause of action.

Lastly, the parties in the State Court Action are the same parties as in this adversary proceeding.

///

///

///

## APPLICABLE LAW FOR A
## MOTION FOR SUMMARY JUDGMENT

In an adversary proceeding, summary judgment is proper when "[t]he movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. The key inquiry in a motion for summary judgment is whether a genuine issue of material fact remains for trial. Fed. R. Civ. P. 56(c), incorporated by Fed. R. Bankr. P. 7056; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986); 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.11[1][b] (3d ed. 2000). "[A dispute] is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute [over a fact] is 'material' only if it could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza )*, 545 F.3d 702, 707 (9th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To support the assertion that a fact cannot be genuinely disputed, the moving party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A), incorporated by Fed. R. Bankr. P. 7056.

In response to a sufficiently supported motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine dispute for trial. *Barboza*, 545 F.3d at 707, citing *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002). The nonmoving party cannot rely on allegations or denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery materials, to show that a dispute exists. *Id.* (citing *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In ruling on a summary judgment motion, the court must view all of the evidence in the light

most favorable to the nonmoving party. *Barboza*, 545 F.3d at 707 (citing *County. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001)). The court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756 (1978). "[A]t the summary judgment stage [,] the judge's function is not himself to weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**California Law Regarding the Filing of An Appeal or Motion to Vacate by Debtor Has an Outside Deadline of 180 Days After the Entry of the Judgment**

In his opposition to the Motion for Summary Judgment ("Opposition"), Defendant-Debtor argues that the State Court Judgment is not "final" since the judgment is still subject to a motion to set aside default, and Debtor's filing for bankruptcy stayed the State Court Action. Defendant-Debtor cites no legal authority for such propositions and does not compute how, as of the commencement of this case, Defendant-Debtor had a timely right to either appeal or seek to vacate the State Court Judgment.

The State Court Judgment was entered on July 17, 2019. Judgment, Exhibit B, Dckt. 14. Defendant-Debtor commenced his bankruptcy case on October 8, 2020. 20-24700; Voluntary Petition, Dckt. 1. However, Defendant-Debtor states that he was not provided with notice of entry of the State Court Judgment until July of 2020. Declaration, ¶ 4; Dckt. 20.

To the extent that there was an active time period in which Defendant-Debtor could assert an appeal or other right to have the State Court Judgment vacated, as discussed in COLLIER ON BANKRUPTCY, the provisions of 11 U.S.C. § 108(b) staying the running of time to appeal do not apply if the period expired before the commencement of the bankruptcy case. 2 COLLIER ON BANKRUPTCY P 108.03 (16TH 2020).

Plaintiff directs the court to California Rule of Court 8.104 for the assertion that the Defendant-Debtor had a 180-day period after the entry of the State Court Judgment to file a notice of appeal, which would be in January 2020, nine months before this Defendant-Debtor filed his bankruptcy case. In setting the deadline for filing an appeal from a state court judgment, California

Rule of Court 8.104 provides (emphasis added):

> Rule 8.104. Time to appeal
>
> (a)Normal time Unless a statute or rules 8.108, 8.702, or 8.712 provides otherwise, a notice of appeal must be filed on or before the earliest of:
>
> (1)
>
> (A) **60 days after the superior court clerk serves** on the party filing the notice of appeal **a document entitled "Notice of Entry" of judgment or a filed-endorsed copy of the judgment,** showing the date either was served;
>
> (B) **60 days** after the party filing the notice of appeal serves or is **served** by a party with a document entitled **"Notice of Entry" of judgment** or a filed-endorsed copy of the judgment, accompanied by proof of service; or
>
> (C) **180 days after entry of judgment**.
>
> (2) Service under (1)(A) and (B) may be by any method permitted by the Code of Civil Procedure, including electronic service when permitted under Code of Civil Procedure section 1010.6 and rules 2.250-2.261.

In discussing the third deadline provided in California Rule of Court 8.104(a)(1)(C), 9 Witkin California Procedure § 574 (2020), states (emphasis added):

> (2) Current Law. Unless the time is extended (*see infra*, § 586 *et seq*.), a **notice of appeal must be filed on or before the earliest of the following times**:
>
> (a) Sixty days after the superior court clerk mails the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, showing the date either was mailed. (C.R.C., Rule 8.104(a)(1).)
>
> (b) Sixty days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of service. (C.R.C., Rule 8.104(a)(2).)
>
> (c) One hundred and eighty days after entry of judgment. (C.R.C., Rule 8.104(a)(3).)

*See also, Laraway v. Pasadena Unified School District et al*, 98 Cal.App. 4th 579 (2nd DCA 2002), holding:

> Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. (*Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1579, fn. 11, 285 Cal.Rptr. 681 and cases cited there.) If a notice of appeal is not timely, the appellate court must dismiss the appeal. (Cal. Rules of Court, rule 2(e).) The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order. (Cal. Rules of Court, rule 2(a)(3), (c)(3), & (f) [prior Rule sections relating to notice of appeal periods].)

///

Thus, it appears that the time for a notice of appeal expired, even if no notice of entry of judgment was provided, 180 days after July 17, 2019 - which would be mid-January 2020, well before the October 8, 2020 commencement of Defendant-Debtor's bankruptcy case.

Defendant-Debtor then cites the court to California Code of Civil Procedure § 473 for the proposition that he has six months, or even longer if proper notice of judgment is not served on him, to set aside a judgment.

> § 473. Amendment of pleadings
> . . .
> (b) The court may, upon any terms as may be just, **relieve a party** or his or her legal representative **from a judgment**, dismissal, order, or other proceeding taken against him or her **through** his or her **mistake, inadvertence, surprise, or excusable neglect**. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise **the application** shall not be granted, and **shall be made** within a reasonable time, **in no case exceeding six months, after the judgment**, dismissal, order, or proceeding **was taken** . . . .

Cal Code Civ. Proc. § 473(b) (emphasis added). This provision too has the 180-day time limit from the entry of the judgment for seeking the relief.

As with the outside deadline to file an appeal, the outside 180-day deadline for filing a motion to vacate had also expired as of the time Defendant-Debtor commenced his bankruptcy case.

**Application of the Full Faith and Credit Statute
and the Doctrine of Collateral Estoppel or Issue Preclusion**

Defendant-Debtor asserts that the Doctrine of Collateral Estoppel and Issue Preclusion does not apply in this case to the State Court Judgment because the issues before the State Court were determined by default and the federal bankruptcy court must independently determine nondischargeability, which federal determination is asserted to require a different analysis and standard of review. Defendant-Debtor argues that in order for this court to determine dischargeability for fraud in bankruptcy, the court must find whether or not Defendant-Debtor had a duty to disclose. In making this assertion, Defendant-Debtor does not address that the duty to disclose for the alleged fraud is necessarily is a state law, and not a federal law, issue.

This court begins with an analysis of the Doctrine of Collateral Estoppel and Issue Preclusion, followed by an analysis of 11 U.S.C. § 523(a)(2).

Defendant-Debtor's assertion runs contrary to basic legal Doctrine of Collateral Estoppel and

Issue Preclusion. Additionally, it runs afoul of the provisions of 28 U.S.C. § 1738[1] which create a statutory Full Faith and Credit Act for state court judgments in federal court. This is similar to the Constitutional Full Faith and Credit given by the court of one state to a judgment issued by a court of any other state. U.S. Const. Art. IV, Sec. 1.

As stated by the court in *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001):

> Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 84 L. Ed. 2d 274, 105 S. Ct. 1327 (1985)).

The Ninth Circuit Court of Appeals addressed the modern application of this Doctrine in *Robertson v. Isomedix, Inc. (In re International Nutronics)*, 28 F.3d 965 (9th Cir. 1994). In discussing this application in the context of the Doctrine of *Res Judicata* (which applies these principles to entire claim preclusion, rather than discrete issue preclusion as under Collateral Estoppel), the court considers four factors in determining whether *Res Judicata* applies,

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 970, citing *Clark v. Bear Sterns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). The interrelated Doctrines of Res Judicata and Collateral Estoppel and Issue Preclusion are discussed by the Supreme Court in *Montana v. United States*, 440 U.S. 147, 153 (1979).

In describing the five elements for Collateral Estoppel under California law, the Ninth Circuit

---

[1] 28 U.S.C. § 1738 provides in pertinent part (emphasis added):
§ 1738. State and Territorial statutes and judicial proceedings; full faith and credit

Such Acts, records and **judicial proceedings** or copies thereof, so authenticated, **shall have the same full faith and credit in every court within the United States** and its Territories and Possessions **as they have by law or usage in the courts of such State**, Territory or Possession from which they are taken.

9

Court of Appeals stated,

> Under California law, collateral estoppel only applies if certain threshold requirements are met:
>
> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).

*Cal-Micro, Inc. v. Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003).

<u>Application to Default Judgment</u>

The requirements as stated in *Cal-Micro* do not preclude the application of Collateral Estoppel and Issue Preclusion when the state court judgment was obtained by default. The court in *Cal-Micro* continued, stating:

> The mere fact that "judgment was secured by default does not warrant the application of a special rule." *Williams v. Williams (In re Williams' Estate)*, 36 Cal. 2d 289, 223 P.2d 248, 252 (Cal. 1950). California law does, however, place two limitations on this general principle. The first is that collateral estoppel applies only if the defendant "has been personally served with summons or has actual knowledge of the existence of the litigation." *In re Harmon, 250 F.3d at 1247* (quoting *Williams, 223 P.2d at 254*). Collateral estoppel, therefore, only applies to a default judgment to the extent that the defendant had actual notice of the proceedings and a "full and fair opportunity to litigate." *250 F.3d at 1247 n.6*.
>
> The second limitation, in the context of a default judgment, is that a decision has a preclusive effect in later proceedings "only where the record shows an express finding upon the allegation" for which preclusion is sought. *Williams, 223 P.2d at 254*. But, as we recognized in *In re Harmon*, "the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue." *250 F.3d at 1248*. In such circumstances, an express finding is not required because "if an issue was necessarily decided in a prior proceeding, it was actually litigated." *Id.*

*Id.* at 1123-1124. In its earlier decision *Harmon v. Kobrin*, the Ninth Circuit Court of Appeals stated that:

> The mere fact that Kobrin obtained a judgment by default does not, in itself, foreclose the possibility that the resolution of some issues in the litigation would later have preclusive effect. In *Williams v. Williams (In re Williams' Estate)*, 36 Cal. 2d 289, 223 P.2d 248 (Cal. 1950) (in bank), the California Supreme Court held that "the fact that [a] judgment was secured by default does not warrant the application of a special rule. 'A default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment.'". 223 P.2d at 252 (quoting *Horton v. Horton*, 18 Cal. 2d 579, 116 P.2d 605, 608 (Cal. 1941) (in bank)).

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d at 1246. Moreover, the *Harmon v. Kobrin* court discussed that a default judgment is to be given preclusive effect when:

> [a] party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue. *See, e.g., D'Arata v. NY Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 564 N.E.2d 634, 636, 563 N.Y.S.2d 24 (N. Y. 1990) (stating that the two requirements of collateral estoppel are: (1) "the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action"; and (2) "the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination").

*Id.,* 1247 n.6. A party is not given a "pass" in litigating in state court, have a final state court judgment entered, and then have the federal court issue a conflicting judgment.

The party asserting collateral estoppel bears the burden of establishing these requirements. *(Id.*, 1245). The application of collateral estoppel is greater than merely the convenience of the court, but is required of the federal courts to respect and give effect to state court judgments.

The California Supreme Court discussed the Doctrine of Collateral Estoppel in *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 879 (2010), stating:

> We find that the public policies underlying the doctrine of collateral estoppel will best be served by applying the doctrine to the particular factual setting of this case. Those policies include conserving judicial resources and promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system, and avoiding the harassment of parties through repeated litigation. (*Allen v. McCurry* (1980) 449 U.S. 90, 94; *Montana v. United States* (1979) 440 U.S. 147, 153–154; *Sims*, supra, 32 Cal.3d at pp. 488–489; *Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 878.)

If the Court has a reasonable doubt as to what was actually decided by the prior judgment, it will refuse to apply preclusive effect. *In re Lambert*, 233 Fed. Appx. 598, 599 (9th Cir. 2007), citing to *In re Kelly*, 182 B.R. 255, 258 (B.A.P. 9th 1995).

**Review of State Court Complaint and
State Court Judgment Thereon**

The State Court Judgment has been filed as Exhibit B, Dckt. 14, in support of the Motion for Summary Judgment. Though that judgment was by default, the State Court Judgment states that the State Court considered Plaintiff's testimony and other evidence. State Court Judgment, ¶ 1.e; Dckt. 14. The amount of the State Court Judgment is $101,523.40, consisting of $100,000.00 in

11

"Damages" and $1,523.40 in "Costs." *Id.*, ¶ 6.a. No other information relevant to the basis for the judgment is on the face of the State Court Judgment.

The State Court Complaint upon which the State Court Judgment is based is provided to this court as Exhibit A, Dckt. 14. The State Court Complaint states two causes of action - the First Cause of Action naming only El Dorado Irrigation District against whom relief was sought, and the Second Cause of Action for fraud naming only Defendant-Debtor as the person against whom relief was sought.

The allegations of fraud in the Second Cause of Action in the State Court Complaint against Defendant-Debtor are summarized as follows:

A. On the 5381 Hilltop Circle, Camino California property (the "Property") Defendant-Debtor filled a drainage gully with stumps, timber, loose logs and brush, used building materials, loose uncompacted dirt, and other materials. State Court Complaint, ¶ 12; Exhibit A, Dckt. 14.

B. The above materials placed in the drainage gully was then covered over with dirt and leveled to give it the appearance of solid land. *Id.*

C. Though given the appearance of solid land, the filling of the drainage gully constituted a serious hazard and threat of landslide. *Id.*

D. Defendant-Debtor knew of the dangerous condition the filling of the drainage gully created, but Defendant-Debtor: (1) suppressed all information about how the drainage gully was filled in, (2) failed to disclose the condition of the filled in drainage gully to County inspectors, and (3) ultimately failed to disclose the condition of the filled in drainage gully to Plaintiff. *Id.*

E. The Property was passed through several owners, without the condition of the drainage gully being disclosed. *Id.*

F. Plaintiff purchased the Property and after Plaintiff's purchase the improperly filled in drainage gully washed out, causing a massive landslide. *Id.*

G. Defendant-Debtor suppressed and failed to disclose the improper filling of the drainage gully to mislead all purchasers of the Property. *Id.*

H. Plaintiff was so misled by the failure to disclose the improper filling of the drainage gully and the surface appearance condition to make it appear to be solid land. *Id.*

I. The creation of the appearance of solid land and the failure to disclose the actual improper filling of the drainage gully was done by Defendant-Debtor to induce Plaintiff, and predecessor purchasers, to rely on the appearance of there being solid land and act in reliance thereon with respect to the Property. *Id.*, ¶ 13.

J. Plaintiff was ignorant of the failures of Defendant-Debtor to disclose the condition of the improper filling of the drainage gully. If the actual condition of the improper

filling of the drainage gully had been disclosed, Plaintiff would not have purchased the Property. *Id*. ¶ 14. However, being unaware of the actual condition of the improper filling of the drainage gully, Plaintiff did purchase the Property. *Id*.

K. As a result of the failure to disclose the actual condition of the improper filling of the drainage gully, Plaintiff was damaged in the amount of $100,000.00. *Id*. ¶ 15.

L. Defendant-Debtor's failure to disclose the actual condition of the improper filling of the drainage gully and preparation of the surface area to make it appear to be solid land was intentional, malicious, and intended to cause harm to Plaintiff. *Id*. ¶ 16.

M. In the prayer, Plaintiff requested general, special, and putative damages. *Id*., p. 4 of State Court Complaint, prayer for relief.

The State Court Complaint, in the Second (and only) Cause of Action against Defendant-Debtor asserts a claim for actual fraud. *See also*, Defendant-Debtor's Statement of Undisputed Fact, ¶¶ 1, 2; Dckt. 22; and Defendant-Debtor Declaration, ¶ 2; Dckt. 20. No constructive fraud or other "lesser fraud" claim is asserted.

**No Genuine Dispute as to Any Material Facts Has Been Presented by The Parties**

Upon review of the evidence presented to the court, there are no genuine disputes as to any material facts. The court is presented with the final State Court Judgment in favor of Plaintiff and against Defendant-Debtor for a claim based on fraud. Defendant-Debtor has admitted that the State Court Judgment in favor of Plaintiff was entered and that said judgment was based on a single cause of action for fraud. Plaintiff's Motion for Summary Judgment is based on the law and, through the operation of Collateral Estoppel, the final State Court Judgment to be given full faith and credit by this federal court.

**Nondischargeability of Debt Based on 11 U.S.C. § 523(a)(2)**

In looking at the State Court Judgment for fraud, as asserted in the State Court Action Complaint against Defendant-Debtor, and the fraud as determined under 11 U.S.C. § 523(a)(2)(A), this court concludes that the fraud at issue in this Adversary Proceeding is identical to the second cause of action for fraud asserted in the State Court Action against Defendant-Debtor for which the State Court Judgment was entered.

Congress provides in 11 U.S.C. § 523(a)(2)(A) that debts which are based upon fraud will

13

be nondischargeable. For traditional actual fraud, the creditor is required to establish the following five elements:

> (1) the debtor made . . . representations;
>
> (2) that at the time he knew they were false;
>
> (3) that he made them with the intention and purpose of deceiving the creditor;
>
> (4) that the creditor justifiably relied on such representations; [and]
>
> (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010). A creditor must show these elements by a preponderance of evidence. *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). 11 U.S.C. § 523(a)(2)(A) prevents the discharge of all liability arising from fraud. *Cohen v. de la Cruz*, 523 U.S. 213, 215 (1998).[2]

For a judgment for fraud under California law, the required elements are stated by the California Supreme Court in *Lazar v. Superior Court of Los Angeles*, 12 Cal. 4th 631, 638 (1996), as:

> "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778; see also Civ. Code, § 1709; *Hunter, supra*, 6 Cal. 4th 1174, 1184; *Molko v. Holy Spirit Assn.* (1988) 46 Cal. 3d 1092, 1108.)"

As one can see, these match up to nondischargeable fraud under 11 U.S.C. § 523(a)(2)(A).

A judgment for fraud having been entered, with actual fraud being the only cause of action in the State Court Complaint for which relief was sought against the Defendant-Debtor, the Defendant-Debtor cannot now try to have this court issue conflicting findings of fact and conclusions of law that contradict the findings and conclusions which were necessarily part of the State Court

---

[2] Nondischargeable fraud under 11 U.S.C. § 523(a)(2)(A) is broader than traditional actual fraud (with the five elements including the intentional misrepresentation and reliance thereon) as discussed by the Supreme Court in *Husky International Electronics, Inc. v. Ritz*, 578 U.S. ___ 136 S. Ct. 1581, 2016 U.S. LEXIS 3048 (2016). Such broader fraud grounds have not been presented to the court in the Motion for Summary Judgment.

Judgment, even if entered by default.

**State Court Judgment Necessarily Required a Determination of Actual Fraud**

Though Plaintiff has not presented the court with a record of express findings and conclusions by the State Court judge, Plaintiff is correct in its argument that a default judgment under California law is given preclusive effect. As addressed above, this is a well established principle of federal law as addressed by the Ninth Circuit Court of Appeal in *Harmon v. Kobrin* and *Cal-Micro, Inc. v. Cantrell.*

Here, Defendant-Debtor had the opportunity to litigate the issue but instead chose not to. In his Declaration in support to the Opposition, Defendant-Debtor states:

> Defendant[-Debtor] failed to answer the Plaintiffs' complaint believing that a settlement between Plaintiffs and El Dorado Irrigation District offset any damages that could be claimed against him.

Defendant-Debtor Declaration, ¶ 3, Dckt. 20. Moreover, even when given the opportunity to do something to address the State Court Judgment after it was entered, Defendant-Debtor, again, chose not to act. In his Declaration, Defendant-Debtor testifies:

> In September of 2020, I hired Timothy L. Hamilton, Esq. and Mr. Hamilton prepared a Motion to Set Aside Default for lack of notice. After Mr. Hamilton prepared the motion, I informed Mr. Hamilton that I wanted him to file a bankruptcy instead of pursuing the motion. My bankruptcy was filed in October 2020.

*Id.* at ¶ 5.

In substance, Defendant-Debtor seeks to have this federal court act as a "super" appellate court to overrule final state court judgments when Defendant-Debtor's ability under state law has expired or been exhausted. This court respects the final State Court Judgment and the application of 28 U.S.C. § 1738.

**Respecting a Final State Court Judgment is Not Contrary to Public Policy**

Defendant-Debtor further argues that applying collateral estoppel would be against public policy because a default judgment was entered "without his knowledge" and then was provided the notice of the judgment a year later while he was suffering from cancer. Defendant-Debtor also

15

argues that it would be unfair to apply the doctrine because his conduct was "nothing more than filling in a ditch while he owned the property years before the Plaintiffs' purchase."

However, Defendant-Debtor's own evidence documents that he was aware of the State Court Action, that he elected not to answer, and that he was aware of Plaintiff seeking the entry of a default judgment, and elected not to respond. Defendant-Debtor's own evidence also demonstrates that he was aware of his right to appeal or to seek to vacate the judgment, but that Defendant-Debtor elected not to do so, but instead filed this bankruptcy case. *See*: Defendant-Debtor Declaration, ¶¶ 2, 3, 5, Dckt. 22; Defendant-Debtor's Statement of Undisputed Facts, ¶¶ 1, 2, 3, Dckt. 22.

This federal court has been presented with the final State Court Judgment (from which no timely appeal has been taken, nor timely request to vacate) for which Full Faith and Credit is given as provided by Congress in 28 U.S.C. § 1738. Though Defendant-Debtor may desire to now relitigate the claim for fraud and the judgment of the State Court, such final State Court Judgment cannot be ignored or brushed aside by this federal court.

**Obligations Owed on the Judgment Are Nondischargeable Pursuant to 11 U.S.C. § 523(a)(2)**

As analyzed above by the court, Plaintiff's State Court Complaint and the Complaint in this adversary proceeding meet the requirements for the application of the Doctrine of Collateral Estoppel and Issue Preclusion in the giving of Full Faith and Credit to the final State Court Judgment for fraud.

The State Court Judgment for fraud (the only claim asserted against Defendant-Debtor in the State Court Complaint) necessarily required the State Court to make findings of California law fraud which also meet the requirements for nondischargeable fraud pursuant to 11 U.S.C. § 523(a)(2).

Therefore, the obligations owed by Defendant-Debtor to Plaintiff under the State Court Judgment are nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

### GRANTING OF SUMMARY JUDGMENT FOR PLAINTIFF

For the grounds stated above, the court grants Plaintiff's Motion for Summary Judgment and will enter judgment for James D. Price and Sharee E. Price, the Plaintiff, and against William Donald Reddin, Defendant-Debtor, determining that the $101,523.40 Judgment, and all obligations owing

1 thereunder, in the Superior Court of California for the County of El Dorado, Case No. PC20170418
2 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).
3     Counsel for the Plaintiff shall lodge with the court a proposed judgment consistent with this
4 Decision.

**Dated:** March 22, 2021

By the Court

_____
Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor / Defendant-Debtor** | **Attorney for the Debtor / Defendant-Debtor** |
|---|---|
|  |  |
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Kevin P. Whiteford, Esq.<br>Mark A. Serlin, Esq.<br>900 Howe Avenue, Ste. 250<br>Sacramento, CA 95825 |